**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:13CV-P50-M**

JEREMY CHAPLIN HENLEY                                                                PLAINTIFF

v.

CATHY SMITH                                                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Jeremy Chaplin Henley filed the instant *pro se* 28 U.S.C. § 1983 action

proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28

U.S.C. § 1915A. Upon review, the Court will dismiss the action.

**I.**

Plaintiff currently is an inmate at the Hickman County Detention Center. His complaint

involves his previous incarceration at the Union County Jail. He reports that he is a pre-trial

detainee. Plaintiff sues Cathy Smith, the Jailer of the Union County Jail, in her official capacity

only.

Plaintiff states that on February 5, 2013, his due process rights were violated. He

contends that, when he was booked into the Union County Jail, the arresting officer would not

take out a criminal complaint on his behalf.

Plaintiff also states that on March 5, 2013, his due process rights were violated when he

was denied "legal access for plaintiff is working Pro Se on a state habeas corpus petition . . . ."

He states that he made a formal request to the presiding judge and that the judge denied him

access to the county law library. Plaintiff reports that the Union County Public Library allowed

him to check out available legal materials. Plaintiff states that he also requested to be taken to

the Union County Public Library to view materials that could not be checked out but that his request was denied on grounds that it could compromise safety and security.

Plaintiff further avers that he was put in "isolation involuntary protective custody for no valid reason from 2-5-2013 - 4-08-2013." He states that he requested "to come out and work on short detail" but he was "denied access to work program." He also contends that on March 21, 2013, he was denied a recreation period.

Finally, Plaintiff states, "Personal injury statute is being applied to bar inmate's action for declaratory relief which is based on his alleged violation of his right to access court as a result of UCJ Operations, cause of action for declaratory relief . . . ." He also cites "departmental policy and procedure."

As relief, Plaintiff seeks $750,000 in compensatory damages. Plaintiff also states in the complaint that he filed a habeas corpus action in the Union County Circuit Court, which is pending.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 548 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Plaintiff sues only Jailer Smith in her official capacity.[1]  "Official-capacity suits . . .

'generally represent [] another way of pleading an action against an entity of which an officer is

an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City*

*Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claim against

Smith is, therefore, actually a claim against Union County.  *See Lambert v. Hartman*, 517 F.3d

433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official

capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct

issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

**A.**     **Municipal liability**

A municipality cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell,* 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889

(6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the

city itself and show that the particular injury was incurred because of the execution of that

policy."  *Garner v. Memphis Police Dep't* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v.*

---

[1]The Court notes that the complaint makes no reference to Smith, except in the portions
of the complaint in which Defendants are to be listed.  Plaintiff states no facts regarding Smith's
personal involvement in the events giving rise to the complaint, and any claim against Smith in
her individual capacity would fail.  *See* Fed. R. Civ. P. 8(a)(2).

*City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

The Court construes the complaint as alleging five constitutional violations: that Plaintiff was denied access to legal materials; that he was not allowed to file a criminal complaint; that he was put in protective custody "for no valid reason"; that he was denied access to a prison job; and that he was denied recreation on March 21, 2013.

Plaintiff claims that he was denied access to legal materials as a result of "departmental policy and procedure." For purposes of initial review, the Court will assume that he has adequately alleged a municipal policy concerning this claim.

However, with respect to the four remaining claims–that he was not allowed to file a criminal complaint; that he was put in protective custody; that he was denied access to a prison job; and that he was denied recreation–he alleges no municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendant's alleged actions occurred as a result of a policy or custom implemented or endorsed by Union County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it with respect to these claims.

**B.     Constitutional violation**

With regard to Plaintiff's claims  that he was denied access to legal materials, the Court must next examine whether the alleged harm was caused by a constitutional violation. Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith*,

5

430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated

with unlimited access to legal materials and assistance. *See Walker v. Mintzes*, 771 F.2d 920,

932 (6th Cir. 1985). The courts have recognized repeatedly that there is no constitutionally

protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). In order

to state a claim for interference with access to the courts, a plaintiff must show actual injury.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate cannot establish relevant

actual injury simply by establishing that his prison's law library or legal assistance program is

subpar in some theoretical sense. That would be the precise analog of the healthy inmate

claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v.*

*Casey*, 518 U.S. at 351. "'Meaningful access to the courts is the touchstone,' and the inmate

therefore must go one step further and demonstrate that the alleged shortcomings in the library

or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations

omitted). "Examples of actual prejudice to pending or contemplated litigation include having a

case dismissed, being unable to file a complaint, and missing a court-imposed deadline."

*Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Moreover, the prejudice requirement is not satisfied by just any type of frustrated legal

claim. *Lewis v. Casey*, 518 U.S. at 351. A prison official may be held liable for the deprivation

of this First Amendment right only to the extent that his or her actions prevented a prisoner from

pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal,

habeas corpus application, or civil-rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th

Cir. 1999).

Furthermore, the Supreme Court has held that "the underlying cause of action . . . is an

element that must be described in the complaint, just as much as allegations must describe the

official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  The

*Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause

of action and its lost remedy must be addressed by allegations in the complaint sufficient to give

fair notice to a defendant." *Id.* at 416.

     In the present case, Plaintiff fails to allege a "lost remedy" or in what cause of action he

incurred it.  In other words, Plaintiff does not allege what legal claims may have actually been

frustrated from pursuing, *i.e.*, that he was actually prevented from pursuing a specific criminal

defense, non-frivolous direct appeal, habeas corpus application, or civil-rights action.  *See Lewis

v. Casey*, 518 U.S. at 351.  Plaintiff states that he had filed a habeas corpus action in Union

Circuit Court.  However, he does not allege that the claim was hindered because he was not able

to access legal materials.  The Court notes that Plaintiff's underlying criminal action is still

pending and that it is clear from his attachments he is represented by a public defender.

Moreover, in the state court Order to Appear in his state-court habeas action, the notation "PD

appt" was made on the form.

     Accordingly, Plaintiff's claim that he was denied access to legal materials fails to state a

constitutional violation, and the official-capacity claim against Defendant Smith will be

dismissed for failure to state a claim upon which relief may be granted.

**IV.**

     For the reasons stated above, the Court will enter a separate Order dismissing the action.

Date:    October 14, 2013

cc:    Plaintiff, *pro se*
       Defendant                             **Joseph H. McKinley, Jr., Chief Judge**
4414.010                               **United States District Court**